IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 1:13-CV-535 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | COMPLAINT |
| JOHN CHARPING d/b/a CHICK-FIL-A AT CONCORD COMMONS, | ) ) | JURY TRIAL DEMAND |
| | ) | |
| Defendant. | ) ) | |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Heather Morrison ("Morrison"), who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), alleges that Defendant John Charping d/b/a Chick-fil-A at Concord Commons ("Defendant"), failed to hire Morrison based on her sex, female (pregnancy).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been doing business in Concord, North Carolina and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Morrison filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  In or around November 2012, Defendant engaged in an unlawful employment practice at its facility located in Concord, North Carolina in violation of

Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by failing to hire Morrison because she was pregnant, as more fully set forth below.

8. In early November 2012, Morrison applied for a team member position at Defendant's restaurant. Morrison gave her completed application to Defendant's General Manager and was told someone from Defendant would call her.

9. A few days later, Morrison went to the restaurant as a customer and one of Defendant's managers introduced her to Defendant's owner/franchise operator ("Owner"). The Owner told Morrison that he would pull her application and call her for an interview in a few days.

10. On or about November 16, 2012, Morrison interviewed with the Owner for a team member position. At the time of the interview Morrison was six months pregnant. During the interview, the Owner asked Morrison a series of pregnancy-related questions such as how many months she was pregnant; when she was expected to deliver the baby; her childcare plans after giving birth; how she would feel leaving the child at home and returning to work (since this was her first child); and how much maternity leave she planned to take. Although Morrison felt that the Owner's questions were inappropriate, she answered his questions because she wanted the job.

11. On or about November 19, 2012, the Owner called Morrison and advised her that she would not be hired and that she should call him after she had the baby and had childcare in place. Defendant failed to hire Morrison because of her sex (female), specifically because she was pregnant.

12. The effect of the practices complained of above has been to deprive Morrison of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female (pregnancy).

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Morrison.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex, including pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Morrison whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to instatement or front pay in lieu thereof.

D. Order Defendant to make Morrison whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

E. Order Defendant to make Morrison whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Morrison punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 2nd day of July 2013.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney

TINA BURNSIDE (WI Bar No. 1026965)
Supervisory Trial Attorney

**/s/ Darryl Edwards**
DARRYL EDWARDS (PA Bar No. 205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Tel: 704.954.6467
Fax: 704.954-6412

**ATTORNEYS FOR PLAINTIFF**